IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-67-FL-1
NO. 5:20-CV-341-FL

| | | |
|---|---|---|
| DEVON WATERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 98), which challenges petitioner's conviction for possessing a firearm in furtherance of a crime of violence in light of United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss (DE 103), which was briefed fully. For the reasons that follow, the court grants respondent's motion to dismiss, and denies petitioner's motion to vacate.

## BACKGROUND

On November 14, 2017, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one) and discharging a firearm during and in relation to a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) and 2 (count three). On May 24, 2018, the court sentenced petitioner to 141 months' imprisonment on count one, and a consecutive term of 120 months' imprisonment on count three, producing an aggregate custodial sentence of 261 months.

On June 26, 2020, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) conviction should be vacated in light of Davis. Respondent filed the instant motion to dismiss on August 17, 2020, arguing petitioner's motion to vacate should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner responded in opposition on September 30, 2020.

## DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of discharging a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of ten years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; see also United States v. Simms, 914 F.3d 229, 237 (4th Cir. 2019). The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

Contrary to petitioner's assertions, the predicate offense supporting his § 924(c) conviction is substantive Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. Count three of the indictment alleges that petitioner discharged a firearm "during and relation to a crime of violence . . . that is, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951, as charged in Count Two of the Indictment." (DE 1 at 3). The United States Court of Appeals for the Fourth Circuit has held that substantive Hobbs Act robbery constitutes a crime of violence under § 924(c)'s force clause. See Mathis, 932 F.3d at 265-66. Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.[1]

---

[1] Although count two ultimately was dismissed at sentencing, petitioner's § 924(c) conviction does not require conviction on the predicate crime of violence. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority). Furthermore, although count two alleged defendant committed both substantive and attempted Hobbs Act robbery, the § 924(c) conviction was

3

C.    Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 103) and DENIES petitioner's motion to vacate (DE 98). A certificate of appealability is DENIED. The clerk is directed to close the instant § 2255 proceedings.

SO ORDERED, this the 4th day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

based solely on substantive Hobbs Act robbery. (See Indictment (DE 1) at 3; Plea Agreement (DE 47) ¶ 5).